■ NELSON SKAARUP, Respondent, v. PAVING CONTRACTORS, INC., Appellant.— Appeal from an order of a Special Term, Supreme Court, Albany County. Plaintiff has obtained an order for the examination of defendant to frame a complaint purported to be based on negligence. There is proof that plaintiff was injured on a certain date at a specific place, but no fact whatever showing any connection, direct or indirect, of defendant with the accident is in the record; or to show that it, rather than some other corporation or member of the general public was responsible for plaintiff's injury. There are implications in the respondent's brief that additional evidence exists which would show some such connection; but such proof is not in the papers on which the order was based. Something more to sustain the order must be shown than is found in this record. (*Stewart* v. *Socony Vacuum Oil Co.*, 3 A D 2d 582.) Order reversed, with $10 costs and motion denied, without prejudice.

■ CHARLES SEVERANCE et al., Appellants, v. RALPH J. MEADE, Respondent.— Appeal from a judgment of the Supreme Court, Broome County, entered upon jury verdicts of no cause of action in favor of respondent and from the order of the court denying appellants' motion to set aside the verdicts and for a new trial. The appellant Esther Severance was operating an automobile owned by her husband, appellant Charles Severance, in a line of traffic on Route 17C. A car several cars ahead of her came to an abrupt stop causing the intervening vehicles to halt and she likewise slammed on her brakes making an abrupt stop a foot or so from the car in front of her. The respondent who was following her at distance of 15 to 20 feet jammed on his brakes but struck the rear of the Severance car. Both drivers testified that they were driving at about 10 to 15 miles per hour. Mrs. Severance sustained a whiplash injury to her back as a result of the collision. The road was clear, dry and straight at the place where the collision occurred. Mrs. Severance testified that her taillight that was not smashed in the accident was working afterwards. The respondent testified that he observed no signal on the part of Mrs. Severance indicating her intention to stop. The jury returned a verdict for the appellant Charles Severance for the property damage to his car but returned verdicts of no cause of action on appellants' suits for injuries, medical expenses and loss of services. The jury thus found that both Mrs. Severance and the respondent were negligent and the question on this appeal is whether there was any basis for that finding as to Mrs. Severance. It is undisputed that Mrs. Severance stopped quickly and without hand signal. We do not find, however, any evidence in the record to show how closely she was following the vehicle immediately preceding her, but she was able to bring her car to a stop about a foot from that vehicle without colliding with it. The negligence of the defendant is clear, but on this record in our view a finding of a jury that Mrs. Severance was negligent is against the weight of the evidence. In *Parrott* v. *Joseph* (9 A D 2d 991) relied on by respondent, Mrs. Joseph was operating her vehicle at a speed of at least 50 miles per hour, and was traveling closely behind the car preceding her. Upon the particular factual situation therein, the verdict of the jury finding her negligent was reinstated by this court. Judgment reversed and a new trial granted, with costs to appellants.